UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
PETER BURY,

                Plaintiff,                Case No. _____

    -against-

                                                        **COMPLAINT**

CONSUMER REPORTS, INC.

                                                        **Jury Trial Demanded**

                Defendant.
-------------------------------------------------X

    Plaintiff PETER BURY (hereinafter referred to as "Plaintiff"), by and through his attorneys, BERLINGIERI LAW, PLLC, as and for his Complaint in this action against the Defendant CONSUMER REPORTS, INC. (hereinafter referred to as "Defendant"), respectfully alleges as follows:

## NATURE OF CASE

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101 *et seq* ("ADA"), for violations of New York State Human Rights Law, ("NYSHRL") Article 15 of the Executive Law § 296, *et seq*., for disability discrimination, failure to accommodate, and retaliation, and any other claims(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 12101.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4.     Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is

1

the District in which the claim arose.

5.   Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 9, 2021, against Defendant (EEOC Charge No. 520-2021-04323).

6.   Plaintiff filed an amended charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 11, 2022, against Defendant (same EEOC Charge No. as above).

7.   On October 19, 2023, the EEOC issued Plaintiff a Notice of Right to Sue, annexed hereto as **Exhibit A**.

8.   Plaintiff has exhausted all administrative remedies, statutory prerequisites, and conditions precedent under federal and state law.

9.   Fees and costs are sought pursuant to 42 U.S.C. § 1988.

## THE PARTIES

10.   At all times relevant to this Complaint, Plaintiff was an individual residing within the District in the County of Dutchess, State of New York.

11.   Defendant Consumer Reports is a New York not-for-profit corporation headquartered in Yonkers, New York, at 101 Truman Avenue, Yonkers, NY 10703 and registered to received process with the New York Secretary of State c/o Corporate Creations Network Inc., 15 N Mill Street, Nyack, NY 10960 and 11380 Prosperity Farms Road, #221e, Palm Beach Gardens, FL, 33410.

12.   Upon information and belief, at all times relevant to this Complaint, Defendant has employed twenty (20) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year and meets the definition of an "employer" under ADA and all applicable state and local statutes.

## BACKGROUND FACTS

13. Plaintiff commenced his employment with Defendant in or around September 5, 2000 and worked as an Acquisition Agent.

14. Plaintiff's job consisted of Grade-6 Acquisition Agent work duties set by his union the NewsGuild of New York and collective bargaining agreement with Defendant.

15. Plaintiff needed to accomplish the essential functions of his job by purchasing products to review, obtain data on product availability, and express the Plaintiff's shopping experience to the Defendants' content team. Plaintiff, from time to time depending on the project's data needs would be required to provide photos or images of products and displays to relay that information to the content team.

16. During the COVID-19 pandemic commencing in March 2020, Plaintiff's role shifted to remote / work from home.

17. Plaintiff could complete the essential functions of his job remotely.

18. Defendants denied Plaintiff's repeated requests for accommodations to work remotely.

19. Plaintiff suffers from anxiety and panic attacks.

20. Plaintiff seeks treatment for his condition.

21. Plaintiff is a person associated with an individual (his wife) with disabilities.

22. Plaintiff is caretaker for his mother.

23. Plaintiff disclosed to Defendant of his caretaker responsibilities for his mother's ailing health and disclosed his wife's health conditions.

24. Plaintiff disclosed his disability to Defendants during his request accommodation and ensuing interactive process.

25. In or around January 2021, Defendant encouraged employees to return to in person work on consistent basis and inquired with Plaintiff about his intentions of returning to in-

person work.

26. Plaintiff communicated with Defendant in January 2021 and Plaintiff disclosed his health concerns about his condition, his wife's health and mother's ailing health and care taking duties and Defendant permitted Plaintiff to continue to work remotely.

27. From January to May 2021, Plaintiff worked for Defendant with no issues and completed all essential functions of his job.

28. On May 11, 2021, Defendant demanded that Plaintiff perform in-store shopping, despite Plaintiff being able to perform all of his work satisfactorily from home reminded Defendant that he could not return in-store and referred Defendant back to his disability / condition and that at time his mother was in the hospital.

29. Defendant's Benefits Manager Suzanne Nixon ("Ms. Nixon") reached out to Plaintiff and gave him the Defendant's accommodation form and medical authorization to contact his doctor, which Plaintiff returned to Defendant on or about May 26, 2021.

30. Defendants repeatedly requested information from Plaintiff and his doctor that was unreasonable or already in their possession.

31. On May 27, 2021 Defendant sent Plaintiff's doctor a letter to inquire for more information about Plaintiff's disability-related limitations.

32. Plaintiff's doctor replied to Defendant on or about June 2, 2021 and informed Defendant that Plaintiff was in his care and was undergoing treatment for generalized anxiety disorder, which may take 90 days to work and improve.

33. Defendants doubted the sincerity of Plaintiff's request for accommodations and asked Plaintiff's doctor reevaluate Plaintiff to prove that he was actually suffering his condition.

34. On June 3 2021, Defendant informed Plaintiff that his reasonable accommodation request to work fully remotely for an additional 90 days was denied because it supposedly

placed an undue hardship on the business without any explanation or additional information.

35. Defendant communicated the supposed need for Plaintiff to return to in-store work and did not permit Plaintiff to continue to work remotely because of supposed change in business needs compared to his work during the pandemic.

36. Plaintiff reiterated to Ms. Nixon that he could utilize his online shopping to accomplish his in-store shopping goals objectively.

37. Ms. Nixon insisted that Plaintiff return to in-store shopping.

38. Plaintiff expressed that he was unable to return to in-store shopping primarily due to his needs to take care of his mother who was in poor health and requested Family and Medical Leave Act ("FMLA") and New York Paid Family Leave ("NYPFL") to provide care for his mother. On June 7, 2021, Plaintiff submitted his application for leave and went on paid family leave until August 27, 2021.

39. On or about June 4, 2021, Plaintiff engaged in protected activity when he emailed a complaint of discrimination and retaliation relating to his disability and accommodation request to Peggy Christofferson ("Ms. Christofferson"), Director Total Rewards, Ms. Nixon's supervisor.

40. Even though Plaintiff could perform all of the essential functions of his job 100% remotely, Ms. Christofferson claimed that Plaintiff's request for 100% remote work was not a reasonable accommodation they could grant but offered no significant solution.

41. Plaintiff, while working at home 100% remotely won several awards, had high rated positive employee evaluations, and was extremely successful with his work overall.

42. Defendant then had Lauren de la Cruz, Director, Employee & Labor Relations, investigate Plaintiff's complaint of discrimination and retaliation relating to the reasonable

accommodation process, however Defendant used Plaintiff's complaint as an opportunity to gather information from Plaintiff's supervisors and disclose his accommodation request and information relating to his health and family's health.

43. Plaintiff's condition worsened over his leave period, and Plaintiff would not be able to return to in-person work as Defendant requested.

44. On August 27, 2021, as his paid family leave was about to end, Plaintiff notified his supervisor that, upon his return from leave on August 30, 2021, he would only be able to work remote.

45. On August 28, 2021, Plaintiff submitted a second request for reasonable accommodation due to his anxiety and panic attacks over being in public areas due to COVID for his own health and safety.

46. Plaintiff informed Defendants that part of his worsened anxiety is related to the fragility of his wife's health and that in 2020 (immediately prior to the pandemic) his wife was hospitalized for two weeks with an unknown virus after coming into contact with Plaintiff who contracted the virus from his work in the various stores and that plaintiff did not want to risk his health, or his wife's health by returning instore when he could complete all of his work remotely.

47. Upon information and belief Defendant shared information with its employees regarding Plaintiff's personal health information (PHI), his caretaking duties for his mother and his wife's health during their investigation into Plaintiff's complaints and his reasonable accommodations process.

48. Plaintiff identified to Defendant that continued on-line purchasing as a reasonable accommodation and listed several alternatives.

49. Defendant has granted reasonable accommodations to Plaintiff's coworkers for

physical disabilities such as surgery, etc. but not Plaintiff's mental disability.

50. Defendant refused to permit Plaintiff to utilize his accruals (personal time) for his caregiving responsibilities.

51. Defendant informed Plaintiff that unauthorized use of accruals was not an option, and that Plaintiff had the option to work in-person with no accommodation, take leave or be constructively discharge.

52. After his second request for reasonable accommodation, on August 31, 2021, Ms. Nixon requested additional information such as his willingness to perform alternatives to work remote such as using Instacart, remote or curbside pickup or and Plaintiff responded that he felt bullied and harassed.

53. Plaintiff requested two meetings regarding his accommodations with Defendant HR, one with Ms. de la Cruz and the other with Raphael Perez, the head of HR at the time, Plaintiff attended both meetings however Defendant failed to engage in the interactive process. Perez informed Plaintiff with respect to his accommodation that Perez could not change the decision because it had already been decided by the HR staff.

54. On or about September 13, 2021 Ms. Christofferson further made Plaintiff uncomfortable by requesting more information regarding his accommodation request which Plaintiff had already provided or was information accessible in his prior requests.

55. On September 29, 2021, Plaintiff provided adequate responses to Defendant's August, 31, 2021 requests for information regarding his second request for accommodation.

56. On October 1, 2021 Defendant denied Plaintiff's second request for accommodation.

57. On or about October 9, 2021, Plaintiff applied for short term disability with Defendant's insurance provider The Hartford.

58. During his leave, Plaintiff suffered almost daily harassment by Ms. Nixon, Ms.

7

Christoffersen and other Defendant employees.

59. On or about November 9, 2021, Plaintiff filed his initial charge with the EEOC alleging that he was discriminated against by Defendant due to his disability and retaliated against.

60. The Hartford approved Plaintiff's request for short term leave on or about November 30, 2021 until on or about April 8, 2022.

61. After April 8, 2022, Defendants placed Plaintiff on unpaid leave.

62. Defendant failed to accommodate Plaintiff's request to work remotely and terminated Plaintiff's employment on April 28, 2022.

63. After his termination, Defendants withheld vested accruals and vested severance from Plaintiff as an act of further retaliation.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER ADA

64. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. Plaintiff claims Defendant violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

66. ADA SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

67. Defendant violated the section cited herein by failing to consider Plaintiff's requests for a reasonable accommodation, as well as discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of disabilities.

68. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER ADA

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. ADA SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

71. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW

72. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

73. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

74. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability and prior complaints, and requests for accommodations and causing a hostile work environment.

75. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER NEW YORK STATE LAW

76. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

77. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

78. Defendant engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff by denying his reasonable accommodation causing his termination.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned federal and New York State laws;

b. Awarding Plaintiff all damages;

c. Awarding Plaintiff compensatory damages;

d. Awarding Plaintiff punitive damages;

e. Awarding Plaintiff consequential damages;

f. Awarding Plaintiff costs and disbursements incurred in connection with this

10

action, including reasonable attorneys' fees, expert witness fees, and other costs;

g. Pre-judgment and post-judgment interest, as provided by law; and

h. Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: January 15, 2024
New York, New York

                                        Respectfully submitted,

By: *Christopher J. Berlingieri*
CHRISTOPHER J. BERLINGIERI, ESQ (CB1988)
BERLINGIERI LAW, PLLC
*Attorney for Plaintiff*
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.:   (347) 766-5185
Fax:   (914) 730-1044
Email: cjb@nyctlaw.com

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/19/2023

**To:** Mr. Peter Bury
157 Benton Moore Rd
HOPEWELL JUNCTION, NY 12533
Charge No: 520-2021-04323

EEOC Representative and email:    MICHAEL MATHELIER
Investigator
Michael.Mathelier@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
10/19/2023

Evangeline Hawthorne
Director

**Cc:**
Susan Friedfel
Jackson Lewis, P.C.
44 S BROADWAY FL 14
White Plains, NY 10601

Corinne Osborn
Consumer Reports
101 TRUMAN AVE CORINNE OSBORN@CONSUMER ORG
Yonkers, NY 10703


Please retain this notice for your records.